### No. 47
### PENDLETON et v. FOLEY

Ohio Appeals, 6th Dist., Lucas Co.

No. 1602.   Decided Nov. 23, 1925

891. PARTNERSHIP—Where one partner sells his interest to his co-partner, and the contract of sale is silent as to the consideration, it is assumed that the purchasing partner agrees to pay the firm debts.

RICHARDS, J.

Charles Pendleton and Emmett Foley jointly purchased a business building together with fixtures, furniture and stock from I. J. Smila, and entered into a partnership business of conducting a bakery. Ten days after they commenced business, Foley sold his interest in the firm to Pendleton, and to that effect made an endorsement on the Smila contract, assigning "all my right, title and interest in and to the within contract to Charles H. Pendleton, for value received." This transaction was ne-

gotiated through Charles F. Pendleton, father of Charles H. Pendleton.

From the records of the court below, the salient features arising from the contentions of the parties appear to be as follows:

1. As to the extent of the firm interest transferred to Pendleton by Foley's endorsement.

2. Whether an action at law is maintainable which depends upon the tenability of the theory advanced by Pendleton that a partnership accounting is necessary.

3. The assignment failing to state the consideration, a discrepancy arose as to the sum to be paid to Foley who claimed that he was to be paid the amount he invested in the business, while Pendleton maintained that Foley was to receive such amount as would be coming to him after termination of the partnership and deduction of the firm debts.

4. Foley contended that in the negotiation of the deal with Chas. F. Pendleton, the father of the purchaser, he orally agreed, as part of the contract, to pay the amount remaining due to Foley in support of which Foley testified that the father said, "I will pay you everything you got in there; I am good for it and I will pay." On behalf of Pendleton it is contended that he said the following: "If there is anything coming to Foley out of the business, I will see that you get it," and which, according to Pendleton, would make him a guarantor.

On this feature, the Lucas Common Pleas instructed the jury that if they find that Charles F. Pendleton said to Foley, "I will see you are paid," or, "I will pay this," he was personally liable; but if he said, "If Charles, my son, does not pay, then I will see you are paid," he cannot be held.

Foley recovered a judgment from Chas. F. and Chas. H. Pendleton in the amount he invested in the partnership, and error was prosecuted by the Pendletons. The Court of Appeals held:

1. Notwithstanding that the endorsement upon the Smila contract purports to transfer only such interest as Foley had in the contract, the oral evidence on this point shows that Foley agreed to assign all his interest in the firm to Chas. H. Pendleton.

2. Pendleton is liable upon the agreement between him and Foley. This agreement is independent of the partnership, and therefore no accounting is necessary. Hence an action at law is maintainable in this case.

3. A long line of authorities hold that where upon dissolution of a partnership, which is effected by one partner selling to his co-partner; and the contract of sale is silent as to who shall assume the firm debts, it must

be inferred that the purchasing partner agrees to pay such debts.

4. This rule of law is applicable in this case since the agreement between the parties does not disclose the consideration, and therefore it must be assumed, as a matter of law, that Pendleton agreed to assume the firm obligations.

5. In the light of the testimony, the instruction to the jury by the court below was erroneous, as it was prejudicial and could not fail to be confusing and misleading.

6. There was no error committed so far as the son, Chas. H. Pendleton is concerned and the judgment is reversed as to Charles F. Pendleton, the father.

Attorneys—C. A. Thatcher and C. A. Meck for Pendleton et; Miller, Brady, Yager & Leidy for Foley; all of Toledo.