**MILLS, Plaintiff-Appellant, v. MILLS et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22483.   Decided December 15, 1952.

Thompson, Hine & Flory, Cleveland, for plaintiff-appellant.
Spieth, Spring & Bell, Cleveland, for defendants-appellees.

## OPINION

Per CURIAM:

This appeal is here on questions of law from a judgment entered for the defendants by the trial court upon motion for judgment on the pleadings and opening statement of counsel.

The case of the plaintiff-appellant is based on an alleged oral contract entered into between two brothers (one of whom is plaintiff and the other is one of the defendants) for the purpose of engaging in the building business. It is claimed that the contract was entered into in the year 1921, the purpose of the contract being that each should have equal and joint control of the business.

The business was immediately incorporated, each of the brothers purchasing forty percent of the stock, the other twenty percent being sold to others outside the family. The business was carried on in that fashion until a subsequent verbal agreement is alleged to have modified the agreement of 1921 by permitting each of the brothers to transfer stock to members of their respective families, so long as equal control was maintained. This was done for tax purposes.

Some time in 1950, the defendant, or members of his family, who are also defendants herein, acquired by purchase a greater stock interest than was held by the plaintiff and his family, whereby the defendant brother claimed to control the company. The instant action followed, attempting to enjoin the defendants from committing acts in violation of the 1921 agreement and to enforce its provisions.

The contention of the plaintiff is that his relationship with his brother by the contract of 1921 and its subsequent modification, was and is that of carrying on a joint enterprise through the medium of a corporation; and that such agreement as pleaded, states an enforcible cause of action. To the judgment entered, the plaintiff presents the following assignments of error:

1. The granting of the motion as to all defendants was error.

2. This is not the type of case to which the statute of frauds was intended to apply.

3. The agreement here was not barred by the statute of frauds as one "not to be performed within one year."

4. The principle, that equity intervenes to render the statute of frauds inoperative when failure to enforce the contract will result in fraud and injury, requires a reversal.

We must give the allegations of the petition and the facts alleged in plaintiff's opening statement their most favorable construction in considering whether or not a cause of action was stated, and whether the trial court was correct in entering judgment for the defendants.

A corporation cannot be the instrumentality through which stockholders may carry out a joint enterprise as their personal business. It is not to be denied that a corporation may join its property or services with the property or services of another in furtherance of a common purpose for their mutual profit and thus engage in a joint enterprise. (**Bennett v. Refining Co., 144 Oh St 139.**) But here all of the property involved in the

business became that of the corporation and the business was managed by the directors. The whole enterprise was that of the corporation. The rights of stockholders must be determined by the rules regulating corporations. Facts sufficient to make out a joint enterprise or to bind the brothers to such a relationship were therefore not stated in the plaintiff's petition and opening statement.

It must also be concluded, from the record, that the alleged agreement of 1921 which is the basis of plaintiff's claim comes clearly within the statute of frauds. The fact that death or subsequent conduct might bring the enterprise or claimed relationship to a conclusion within the year does not change its nature. The purpose of the agreement was to engage in the building business over an extended period of time. In fact, the business, through the instrumentality of a corporation organized at the very inception of such enterprise, has continued successfully for over twenty-nine years. The contract here presented is not enforceable because of the statute of frauds.

Finding no prejudicial error in the action of the court in entering judgment for the defendants on the pleadings and opening statement of plaintiff, the judgment is affirmed. Exc. Order see journal.

SKEEL, PJ, HURD, J, KOVACHY, J, concur.