YODER, APPELLANT, *v.* COLUMBUS AND SOUTHERN OHIO ELECTRIC CO., APPELLEE.

(No. 73AP-305—Decided January 29, 1974.)

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. Theodore D. Sawyer* and *Mr. William W. Johnston,* of counsel, for appellant.

*Messrs. Porter, Stanley, Platt & Arthur* and *Mr. Charles J. Kurtz, III,* of counsel, for appellee.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas, dismissing plaintiff's action for injunctive relief upon the grounds that plaintiff has an adequate remedy at law.

Both plaintiff and defendant have filed notices of ap-

114

peal. Although the notice of appeal does not so indicate, defendant's brief and argument indicate that its appeal is a cross-appeal which it desires this court to consider only in the event that we find the assignments of error raised by plaintiff to be well taken.

Plaintiff raises a single assignment of error upon his appeal, contending that the trial court erred in holding that plaintiff has an adequate remedy at law. Defendant, upon its cross-appeal, likewise has raised a single assignment of error, contending that the trial court erred in admitting evidence to vary the clear terms of an easement.

In 1956, plaintiff executed an easement granting defendant "* * *the right and easement to construct, reconstruct, relocate, remove, repair, replace, enlarge, extend, operate and maintain one line with steel towers, together with grounding facilities and two (2) steel towers for the transmission and distribution of electric energy, the attachment of connecting lines and the carrying of the wires and cables of other companies using electric energy in the conduct of their business, over, across, through and/ or upon the property and/or the highway crossing the property * * *" of plaintiff which is specifically described in the easement. The right of way granted was 100 feet wide.

Defendant constructed the towers and one 138 Kilovolt (KV) power line upon the right of way. Now defendant intends to convert the 138 KV line into a 345 KV line. Plaintiff brought this action to prevent defendant from doing so, contending that the easement does not grant such a right to defendant.

Evidence was presented before the trial court, including testimony by plaintiff as to representations made by agents of defendant with respect to the meaning and extent of the easement. The trial court denied injunctive relief, finding that plaintiff had an adequate remedy at law for damages. As indicated above, both parties have appealed and raised a single assignment of error.

Plaintiff's assignment of error is well taken. Although plaintiff may have an action at law for damages because of

trespass, such a remedy is not an adequate remedy which would preclude injunctive relief to prevent the taking of the property of plaintiff by defendant for its use without first paying compensation to plaintiff.

Section 5, Article XIII, Ohio Constitution expressly provides:

"No right of way shall be appropriated to the use of any corporation, until full compensation therefor be first made in money or first secured by a deposit of money, to the owner * * *."

If plaintiff be correct in his contention that defendant has no right by easement, or otherwise, to construct a 345 KV power line on his property, then the use of his property for such purposes without first compensating him therefor constitutes an appropriation of his property to the use of defendant in violation of Section 5, Article XIII, Ohio Constitution. To hold that the existence of the remedy for damages for such unconstitutional appropriation precludes injunctive relief renders nugatory the constitutional requirement that the compensation be first made in money. See *Callen* v. *Columbus Edison Electric Light Co.* (1902), 66 Ohio St. 166; *Hall* v. *Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co.* (1911), 85 Ohio St. 148; *Ohio Bell Telephone Co.* v. *Watson Co.* (1925), 112 Ohio St. 385; *Worthington* v. *Carskadon* (1969), 18 Ohio St. 2d 222. However, the injunctive relief granted may well be mandatory, rather than prohibitory. See *Willoughby Hills* v. *Corrigan* (1972), 29 Ohio St. 2d 39, 51.

As to the assignment of error upon the cross-appeal, defendant correctly contends that parol evidence is not admissible to change the terms of a written agreement. *Burton, Inc.,* v. *Durkee* (1952), 158 Ohio St. 313. This principle, however, is applicable only where the language of the agreement is plain and unambiguous. Where this is not the case, parol evidence may be admissible to explain the understanding of the parties at the time that the agreement was entered into. See *Ohio Crane Co.* v. *Hicks* (1924), 110 Ohio St. 168, wherein it is stated, at page 172:

"The oral evidence was competent in this case, not

only because by reference it was made a part of the written contract, but for the purpose of clarifying an ambiguity by showing the meaning which the parties attached to the words they used in the writing at the time the writing was made.''

See, also, *Butler Produce & Canning Co.* v. *Edgerton State Bank Co.* (1953), 159 Ohio St. 267.

This rule was recognized in *Burton, supra*, in commenting upon *Crane*, at page 325 of the opinion, as follows:

''* * * In accordance with well established rules, applicable to such construction, parol evidence was admissible for the purpose of clarifying an ambiguity in the language used.''

In *Besser* v. *Buckeye Pipe Line Co.* (1937), 57 Ohio App. 341, the court commented upon the admission of parol evidence to explain a written easement, stating at pages 343, 344:

''* * * It is our judgment that the trial court was led into error and a wrong theory of this case by reason of a pleaded subsequent oral agreement. Such a verbal agreement could not of course modify the terms of the written agreement. But a prior or contemporaneous oral understanding may always be shown when such pertain to matters that induced its making or will disclose the understanding of the contracting parties of its terms at the time of its execution. Such proffered testimony, the matter of the line's depth, demand upon the company's agent that the line be lowered, which would establish knowledge thereof in the defendant, was competent and should not have been excluded. * * *''

Although *Stony's Trucking Co.* v. *Pub. Util. Comm.* (1972), 32 Ohio St. 2d 139, did not involve a written agreement, the discussion concerning the rule in question is helpful. Judge Leach, at page 142 of the opinion, commented:

''In a broad sense, the goal of interpretation of legal documents is to determine the intent of the parties. If this goal can be achieved through examination of the document alone, parol evidence is unnecessary. But where, as here, the language of a document is general, reference to the circum-

stances surrounding the formation of the document is nec-essary to a complete understanding of the agreement contained therein."

Thus, the issue is whether the easement herein involved plainly and unambiguously grants to defendant the right to increase the voltage on the electric transmission line through plaintiff's property to 345 KV. If so, parol evidence is not admissible. If not, the parol evidence is admissible.

The easement makes no reference whatsoever to the voltage that the electric transmission line is to carry. Defendant contends that the language in the easement permitting it to reconstruct and enlarge the line allows it to increase voltage in the line. While this may well be the result, such language does not necessarily have the meaning ascribed to it by defendant. In other words, whether defendant has a right to increase the voltage in the transmission line across plaintiff's property is not a matter that is plainly and unambiguously provided for in the easement. The easement could well be construed to grant such a right to defendant, but, on the other hand, it could also be construed as not granting such a right. Under these circumstances, parol evidence to explain the understanding of the parties at the time of the execution of the agreement is admissible. Such evidence is not for the purpose of establishing what one of the parties thought the agreement stated, but is used to establish what the parties mutually agreed and understood to be the meaning of the easement. Since plaintiff's testimony went to this issue, it was admissible.

For the foregoing reasons, plaintiff's assignment of error upon his appeal is sustained, and defendant's assignment of error upon its cross-appeal is overruled, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings is accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

Troop, P. J., and Strausbaugh, J., concur.