**PRO ARTS, INC., Plaintiff,**

v.

**K MART CORPORATION, et al., Defendants.**

**No. C 82–916 A.**

United States District Court, N.D. Ohio, E.D.

Jan. 30, 1984.

Paul A. Weick, Cuyahoga Falls, Ohio, Stanley P. Aronson, Michael J. Kaplan, Akron, Ohio, for plaintiff Pro Arts, Inc.

Robert W. Steele, Lewis M. Barr, Howrey & Simon, Washington, D.C., Harry D. Cornett, Jr., Buckingham, Doolittle & Burroughs Co., L.P.A., Akron, Ohio, James C. Tuttle, Troy, Mich., for defendant K Mart Corp.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This action arises out of alleged contractual relationships between plaintiff Pro Arts, Inc. (Pro Arts) and defendant K Mart Corporation (K Mart). The original complaint named as defendants K Mart, Great Western Graphics, and an individual named Don Edel. The complaint raised various breach of contract, antitrust, and fraud claims. Each of the defendants moved to dismiss. Pro Arts then voluntarily dismissed defendants Great Western Graphics and Don Edel and amended its complaint. K Mart, the only remaining defendant, has renewed its motion to dismiss.

Pro Arts claims in its amended complaint that K Mart has breached three separate contracts. In count one Pro Arts alleges K Mart breached a January 24, 1977 requirements contract under which Pro Arts claims it had the exclusive right to supply K Mart with posters for all but seventy-five K Mart stores. In count two Pro Arts alleges K Mart breached an agreement under which K Mart was to service and maintain in-store poster display racks. In count eight Pro Arts alleges K Mart breached a July 1, 1980 agreement under which Pro Arts would sell to K Mart incense products. Pro Arts does not allege that the three contracts were in writing.

K Mart denies the existence of each of the contracts and has moved to dismiss counts one, two, and eight for failure to comply with the Statute of Frauds. In its opposition to K Mart's motion, Pro Arts concedes that the contracts are subject to the Statute of Frauds. K Mart predicates its motion on two specific Statute of Frauds provisions, the first of which concerns sales of goods:

Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more

is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

Ohio Rev.Code Ann. § 1302.04(A).

■ There is no dispute that posters and incense products are "goods" within the meaning of the Ohio adaptation of the sales provisions of the Uniform Commercial Code. *See* Ohio Rev.Code Ann. § 1302.-01(A)(8). The application of Ohio Rev.Code Ann. § 1302.04(A) to the contracts alleged in counts one and eight of the amended complaint is therefore clear.

■ In its briefs in opposition to defendant's motion plaintiff first asserts that it possesses "numerous documents and memoranda" satisfying the writing requirement of Ohio Rev.Code Ann. § 1302.04(A). Nevertheless, these assertions are unsubstantiated and conclusory. Plaintiff has submitted nothing to document the existence of written agreements. Plaintiff contends in the alternative that the writing requirement is satisfied under the "merchant rule," Ohio Rev.Code Ann. § 1302.-04(B), and that the writing requirement should be excused under the partial performance exception, Ohio Rev.Code Ann. § 1302.04(C)(3). Under these two alternative theories plaintiff seeks to recover only for goods received by defendant. Plaintiff, however, has submitted no affidavits or tangible evidence to document its conclusory assertions that these alternative methods of satisfying the writing requirement of Ohio Rev.Code Ann. § 1302.04(A) apply. It is therefore apparent that plaintiff's claims in counts one and eight of the amended complaint are barred by the Statute of Frauds in the sales article of the Ohio Uniform Commercial Code, Ohio Rev. Code Ann. § 1302.04(A).

The second Statute of Frauds provision upon which K Mart relies codifies several well-recognized principles. It provides in pertinent part:

No action shall be brought whereby to charge the defendant . . . upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

Ohio Rev.Code Ann. § 1335.05. K Mart essentially argues that the contracts alleged in counts one, two, and eight of the amended complaint are of infinite duration and therefore fall within the purview of the Statute.

Pro Arts neither alleges a termination date for any of the three contracts nor limits the duration of the three alleged contracts in any manner. In addition, with respect to the contracts alleged in counts one and two, Pro Arts alleges that it "has remained ready, willing and able to further perform." Moreover, that either K Mart or Pro Arts may have ceased to exist within one year or that subsequent conduct may have brought the alleged contractual relationships to a close within one year does not obviate the writing requirement. *Mills v. Mills*, 127 N.E.2d 222, 223 (Ohio App. Cuyahoga County 1952).

■ It is evident from a review of the contract terms alleged by Pro Arts that the parties did not intend the alleged contracts to be fully performed within one year of the dates of their makings. The alleged contracts are therefore within the purview of Ohio Rev.Code Ann. § 1335.05. Given the absence of written agreements, it is apparent that plaintiff's claims in counts one, two, and eight of the amended complaint are barred by the Statute of Frauds, Ohio Rev.Code Ann. § 1335.05. As to counts one, two, and eight of plaintiff's amended complaint, defendant's motion to dismiss is therefore granted.

■ In count three of the amended complaint Pro Arts alleges, in the alternative to its breach of contract claims in counts one and two, that K Mart was unjustly enriched as a result of the relationship be-

tween the parties. In count four Pro Arts alleges K Mart converted and misappropriated the in-store display racks by, *inter alia*, damaging the racks and displaying the merchandise of Pro Arts' competitors on the racks. In count five Pro Arts alleges, in the alternative to the conversion claim in count four, that K Mart was a bailee of the display racks and has breached the bailment by failing to maintain the racks and by failing to return the racks. K Mart has moved to dismiss counts three, four, and five for failure to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the United States Supreme Court recognized the standard to be applied when evaluating motions to dismiss for failure to state a claim upon which relief can be granted:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.
>
> \* \* \* \* \* \*
>
> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

355 U.S. at 45–48, 78 S.Ct. at 101–103 (footnotes omitted). An examination of counts three, four, and five in light of both the *Conley* standard and the mandate that "pleadings shall be so construed as to do substantial justice," Fed.R.Civ.P. 8(f), indicates that defendant has sufficient notice of the nature of plaintiff's claims and the grounds upon which they rest. As to counts three, four, and five of the amended complaint defendant's motion to dismiss is denied.

■ In count six of the amended complaint Pro Arts alleges K Mart committed various acts of fraud and misrepresentation. In count seven Pro Arts claims in the alternative that the false acts and representations were made negligently. K Mart has moved to dismiss these two counts for failure to comply with the requirement of Fed.R.Civ.P. 9(b) that "circumstances constituting fraud ... shall be stated with particularity." Pro Arts opposes K Mart's motion, contending that Rule 9(b) must be read in conjunction with Fed.R.Civ.P. 8(a), which requires only a "short and plain statement of the claim."

The particularity requirement of Rule 9(b) "has been interpreted to mean the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Miscellaneous Service Workers, Drivers & Helpers, Teamsters Local 427 v. Philco-Ford Corp., WDL Division*, 661 F.2d 776, 782 (9th Cir.1981). Requiring averments of time, place, and content of the alleged misrepresentations as well as identifying the parties to the alleged misrepresentations has been recognized as the best manner in which to resolve the inherent tensions between Rules 9(b) and 8(a). *National Egg Company v. Bank Leumi le-Israel B.M.*, 504 F.Supp. 305, 308 (N.D.Ga.1980).

A review of the allegations in counts six and seven of the amended complaint indicates plaintiff has not satisfied the specificity requirements of Rule 9(b). Some of the allegations state the date on which the claimed misrepresentations took place. Nevertheless, the allegations state only the subject matter of the claimed misrepresentations and do not identify their content.

There are no allegations identifying the places of or the parties to the alleged misrepresentations. Furthermore, several of the claims are recited in a mere conclusory fashion. *See* Amended Complaint ¶ 32(f).

Defendant's motion to dismiss counts six and seven of the amended complaint is granted. Plaintiff is hereby granted leave to amend counts six and seven of its amended complaint so that its allegations of fraud and misrepresentation may be stated with the requisite specificity.

IT IS SO ORDERED.