OPINION
This litigation arises out of a severance agreement entered into by the defendant, The Gahanna-Jefferson City School District Board of Education, and its former superintendent, plaintiff John Sonedecker. Pursuant to the terms of the agreement, plaintiff agreed to resign his position as superintendent on October 31, 1994. In return, defendant agreed to pay plaintiff $190,000 in equal monthly installments. Plaintiff was also allowed to continue his participation in defendant's group life and health insurance plans, as well as to receive two years of State Teachers Retirement Service ("STRS") credit, the full cost of which was paid by the defendant. The first year of STRS credit was for the 1995-1996 school year, and the second was for the 1996-1997 school year. In the event plaintiff elected to forgo the purchase of STRS credit for either year, defendant agreed to pay plaintiff a lump sum of $9,000 for each year not purchased.
For the 1995-1996 school year, plaintiff requested defendant purchase STRS credit on his behalf. However, for the 1996-1997 school year, plaintiff chose to receive $9,000 in lieu of additional credit. Although defendant honored plaintiff's request for service credit, it denied plaintiff's election to receive the cash payment on the basis that plaintiff's new employer, the Mt. Vernon City School District, had already purchased on plaintiff's behalf STRS credit for the 1996-1997 school year. Plaintiff subsequently filed suit to enforce the severance agreement, and, upon cross motions for summary judgment, was awarded the cash payment by the trial court. Defendant now appeals, raising the following assignment of error:
 The trial court erred in entering summary judgment in favor of plaintiff-appellee, Dr. John Sonedecker and against defendant-appellant, The Gahanna-Jefferson City School District Board of Education, on Counts Three and Four of the Complaint.
In support of its interpretation of the severance agreement, defendant submits the affidavit of attorney Gregory Scott. Mr. Scott was defendant's principal legal representative during the negotiation of the severance agreement. In paragraphs four and five of his affidavit, Scott states:
 (4) *** [P]aragraphs 7 and 8 [of the severance agreement] were negotiated on the assumption — expressed repeatedly during negotiations by myself and Mr. Carey that there were three possibilities: (a) Dr. Sonedecker would not be employed by another STRS employer during one or both years; (b) Dr. Sonedecker would obtain employment out of state in a public school district or with another employer; and (c) Dr. Sonedecker would obtain employment in some other STRS employer in Ohio.
 (5) Paragraph 7 was intended to operate in the first scenario. Paragraph 8 was intended to operate in the second scenario. Neither applied in the third scenario, since Dr. Sonedecker would receive STRS service credit for the year(s) in question during which he would be employed in Ohio by another STRS employer. Dr. Sonedecker could not buy a year(s)' service credit "at full cost to the Board" if he also earned that year, as he has in 1996-1997, through service with another public school district in Ohio. In that circumstance, the parties understood that Dr. Sonedecker had no election to make and paragraph 7 became inoperable.
The paragraphs of the severance agreement referred to in Mr. Scott's affidavit provide:
 7. Dr. Sonedecker may purchase STRS service credit for the 1995-96 and 1996-97 school years at full cost (employee and employer contribution) to the Board. If Dr. Sonedecker elects not to purchase either or both years of service credit, the Board shall pay him a lump sum of $9,000 for each year not purchased.
 8. Dr. Sonedecker may accept out-of-state employment during the term of his employment with the Board while on unpaid leave, without prejudice to his right to purchase service credit under paragraph (7) above or any other right under this Agreement.
It is generally presumed that the intent of the parties to a contract resides in the language the parties choose to employ in their agreement. Shifrin v. Forest City Ent., Inc. (1992),64 Ohio St.3d 635. As we explained in Robert W. Clark, Inc. v. Mt.Carmel Health (1997), 124 Ohio App.3d 308:
 It is not the responsibility or function of this court to rewrite the parties' contract in order to provide for a more equitable result. *** A contract "does not become ambiguous by reason of the fact that in its operation it may work a hardship upon one of the parties." *** "Courts uphold the principle that a contracting party may not repudiate a promise solely because that party later becomes dissatisfied with the bargain." *** In the absence of fraud or bad faith, this court will not save one party from an improvident contract when both parties had equal bargaining power. *** [Id. at 319; citations omitted.]
Parol evidence, such as the affidavit of Gregory Scott, is admissible only after it is shown that a contract is ambiguous.Hildebrand v. Fogle (1851), 20 Ohio 147, affirmed one hundred forty-three years later in Illinois Controls, Inc. v. Langham
(1994), 70 Ohio St.3d 512. In other words, "[i]f contracting parties integrate their negotiations and promises into an unambiguous, final, written agreement, then evidence of prior or contemporaneous negotiations, understandings, promises, representations, or the like pertaining to the terms of the final agreement" is inadmissible. Busler v. D H Manufacturing, Inc.
(1992), 81 Ohio App.3d 385, 390.
Having reviewed the plain language of the severance agreement, we are unable to find that the language contained in the seventh and eighth paragraphs, either alone, or when read in conjunction with the remainder of the agreement, is ambiguous. Through their respective legal representatives, plaintiff and defendant entered into a comprehensive and detailed agreement. That agreement allowed plaintiff to elect, without reservation or condition precedent, to have defendant purchase up to two years of STRS service credit on his behalf, or to receive a $9,000 lump sum payment for each year not purchased. Although defendant now asserts that it was understood that plaintiff would be ineligible for the cash payment under the circumstances of this action, if it existed, that portion of the parties' bargain was not incorporated into the final written agreement. Having found no intrinsic ambiguity, defendant may not create an ambiguity via parol evidence. Accordingly, the trial court properly entered judgment in plaintiff's favor.
Having overruled defendant's assignment of error, the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.