[Cite as *Cosic v. Kronberg*, 2015-Ohio-5496.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Dan Cosic

      Appellant/Cross-Appellee

v.

John Kronberg Appellees, et al.

      Appellees/Cross-Appellants

Court of Appeals No. OT-15-002

Trial Court No. 08CV376E

**DECISION AND JUDGMENT**

Decided: December 30, 2015

* * * * *

Mark S. Shearer, for appellant/cross-appellee.

John A. Coppeler, for appellees/cross-appellants.

* * * * *

**SINGER, J.**

{¶ 1} Appellant/cross-appellee, Dan Cosic, appeals from a decision of the Ottawa County Court of Common Pleas denying his motion to show cause and granting appellees/cross-appellants', John Kronberg, et al. (John Kronberg and his company Hekron Investments, Inc.) motion to pay one-half of joint venture losses. Appellees

cross-appeal the trial court's decision regarding expenses not included in the loss calculation. For the reasons that follow, we reverse.

{¶ 2} This case began when, in 2005, Cosic, a building contractor, entered into a joint venture with appellee Kronberg, an investor, and his company, to build two "high end" homes on Lake Erie. *See Cosic v. Kronberg, et al.,* 6th Dist. Ottawa No. OT-11-012, 2012-Ohio-5982, 984 N.E.2d 414 ("*Cosic I*"). The parties agreed that appellees would finance the endeavor and pay the subcontractors while Cosic would act as the general contractor. Once the properties sold, the parties would share the profits equally.

{¶ 3} The real estate was purchased for $325,000. Construction costs of the homes totaled $810,022 and the settlement charges were $5,108.75 for a total of $1,140,110.75 in expenses. Though construction was completed late in 2007, the homes did not sell until late 2013. One home sold for $480,000 and the other home sold for $499,000.

{¶ 4} Following this court's *Cosic I* remand, the trial court issued an order directing the parties to divide any profits derived from the sale of the two homes. On July 14, 2014, Cosic filed a motion to show cause as to why appellees had not yet divided the profits. Appellees filed a motion in response stating there was no profit derived from the sale of the homes, only a loss. Appellees also filed a motion for an order requiring Cosic to pay one-half of the joint venture loss which he calculated to be $156,002.

2.

{¶ 5} Following a hearing, the trial denied Cosic's motion to show cause and granted appellees' motion ordering Cosic to pay appellees $80,555.38 as his half of the losses. Cosic now appeals setting forth the following assignments of error:

I. The (sic) erred in awarding compensation for alleged losses to defendant Appellees as a joint venture does not always imply a sharing of losses.

II. The trial court erred in failing to follow the law of the case in awarding compensation for alleged losses to the defendant.

III. The trial court erred as its decision was against the manifest weight of the evidence in that the trial court failed to consider all evidence of profit earned by the joint venture.

IV. The trial court erred as the defendant breached a fiduciary duty to the joint venture when the defendant sold the joint venture property without consulting with the other joint venturer, took a mortgage on the sale of the real estate without the consent of the other joint venturer and/or lived in the real estate to the exclusion of the other joint venturer without paying rent.

{¶ 6} Cosic's first two assignments of error will be addressed together as both reference this court's prior decision in *Cosic I*. The main issue in that case was whether a joint venture even existed between the parties.

3.

"A joint venture is '* * * an association of persons with intent, by way of contract, express or implied, to engage in and carry out a single business adventure for joint profit, for which purpose they combine their efforts, property, money, skill and knowledge, without creating a partnership, and agree that there shall be a community of interest among them as to the purpose of the undertaking, and that each coadventurer shall stand in the relation of principal, as well as agent, as to each of the other coadventurers * * *.'" *Al Johnson Const. Co. v. Kosydar*, 42 Ohio St.2d 29, 325 N.E.2d 549 (1975), paragraph one of the syllabus, quoting *Ford v. McCue*, 163 Ohio St. 498, 127 N.E.2d 209 (1955), paragraph one of the syllabus.

**{¶ 7}** The elements of a joint venture are (1) an express or implied contract, (2) the intent to associate as joint venturers, (3) contributions from each venturer towards the project, (4) equal control of the co-adventurers over the project, and (5) an agreement to share profits *and losses*. *Schlaegel v. Howell*, 2d Dist. Champaign No. 2014-CA-37, 2015-Ohio-4296, citing *Carey v. Seeley's Ceramic Serv., Inc.*, 2d Dist. Miami No. 93-CA-30, 1994 WL 124849 (Apr. 13, 1994). *See also Bennett v. Sinclair Refining Co.,* 144 Ohio St. 139, 57 N.E.2d 776 (1944), *Silver Oil Co., Inc. v. Limbach,* 44 Ohio St.3d 120, 541 N.E.2d 612 (1989), *Mill Creek Builders, Inc. v. James Waltz Custom Builders,* 6th Dist. Lucas No. L-90-316, 1991 WL 270419 (Dec. 20, 1991).

4.

{¶ 8} In *Cosic I*, appellees argued that a joint venture existed between the parties. The trial court disagreed holding that the terms of any purported agreement between them were vague and indefinite.

{¶ 9} We reversed the trial court's decision in *Cosic I* concluding that its determination that no joint venture existed was not supported by the evidence. We pointed out that the parties clearly entered into an agreement to carry out a single business adventure for joint profit and in doing so, they combined their efforts, property, money, skills and knowledge with the objective of realizing a profit. We further stated: "[T]heir agreement stands. When the homes are sold, the parties will share in any profits, as originally contemplated by both parties." *Cosic I* at ¶ 18.

{¶ 10} Cosic focuses on our above language in *Cosic I* arguing that because our mandate made no mention of losses, he cannot now be made to share in the joint venture's losses. Our mere omission in mentioning the disposition of losses involved in this joint venture in no way overrides the well-established black letter law, some of which is cited above, that joint venturers share in the profits *and* the losses. Accordingly, Cosic's first two assignments of error are found not well-taken.

{¶ 11} In his third assignment of error, Cosic contends that the joint venture should have been compensated for the six years that appellee Kronberg lived in one of the homes at issue without paying rent.

{¶ 12} Appellee Kronberg acknowledged that he lived in one of the properties, part-time, with his wife, for six years and a couple of months without paying rent to

5.

either his investment company or Cosic. Kronberg claimed he did this in an effort to help sell the property. He hoped that if the property looked lived in, the property might be more appealing to a prospective buyer.

{¶ 13} During the time appellee Kronberg lived rent free in the home at issue, the joint venture was in existence. Appellee Kronberg attempts to brush off this issue noting that he only lived there part-time as he splits his time between two other residences, one being out of state. Nevertheless, the home served as one of Kronberg's three residences. Appellees alone profited from the fact that Kronberg lived in the home for free. Cosic realized no benefit from this arrangement and in fact, was not consulted about the living arrangement beforehand. This, despite the fact that, Kronberg claims he moved into the house to facilitate the sale of the properties for a profit, which, interestingly, was the ultimate goal of this joint venture.

{¶ 14} Once again, when we look to the black letter law regarding joint ventures, we find that clearly appellee Kronberg realized some "profit" in the form of rent free living during the existence of the joint venture. The trial court rejected Cosic's argument that unrealized rent payments amounted to profit based on the fact that Cosic had not sought compensation for unpaid rent in the original complaint. We find this distinction to be irrelevant. The bottom line is that during the existence of the joint venture, appellees realized a benefit or profit from the joint venture in the form of unpaid rent and Cosic was excluded from sharing in such profit. As such, the trial court erred in finding the unpaid rent was not profit. Cosic's third assignment of error is found well-taken.

6.

{¶ 15} In his fourth assignment of error, Cosic contends that appellees breached a fiduciary duty to Cosic by selling the properties without his (Cosic's) consent, taking mortgages out on the properties and excluding Cosic from sharing in the profit that will be generated from the interest on the notes and, having appellee Kronberg live rent free in one of the properties for six years. Because of this breach, Cosic contends he should not be required to share in the joint venture's losses.

{¶ 16} A joint venture differs from a partnership in that it is entered into for a single transaction or a limited period of time. *Nilavar v. Osborn*, 127 Ohio App.3d 1, 20, 711 N.E.2d 726 (2d Dist.1998), citing *Busler v. D & H Mfg., Inc.*, 81 Ohio App.3d 385, 391, 611 N.E.2d 352 (10th Dist.1992). "Although the scope of the duty may be less broad, parties to a joint venture, like those in a partnership, owe each other the duties of fiduciaries. 46 American Jurisprudence 2d (1994) 62, Joint Ventures, Section 33. The fiduciary relationship created by a joint venture imposes a duty of full disclosure between the fellow venturers. *Id*. at 63. It also imposes a duty against self-dealing or secret advantage. *See id.*, Section 36, at 65-66." *Nilavar, supra.*

{¶ 17} We agree that appellees breached a fiduciary duty to Cosic in excluding him from all aspects of the sale while the joint venture was in existence. It is for this reason that we find, as discussed above, that the trial court erred in refusing to recognize the unpaid rent as profit to the joint venture. We further find, contrary to the trial court's position, that Cosic is entitled to share in the profits that will be generated from the interest on the notes that appellees executed. The trial court reasoned that the interest

7.

could not be considered profit to the joint venture because only appellees bore the risk. However, in choosing to solely take on the risk without informing Cosic, appellees breached their fiduciary duty to Cosic as the joint venture was still in existence. As long as profits are generated from the interest on the notes, Cosic is entitled to share in those profits as they are a direct result of the sale of the properties. Until the notes are paid off and the purchasers own the properties free and clear, a joint venture continues to exist between Cosic and appellees and Cosic is entitled to share in the profits.

{¶ 18} The loss from the joint venture is a different matter. Because appellees deliberately kept Cosic in the dark regarding the sale of the properties, behavior which could easily be characterized as "self-dealing" in an attempt to gain a "secret advantage," appellees cannot now require Cosic to shoulder half of the losses. Such a result would be unjust and inequitable given appellees' flagrant disregard of the principles of a joint venture and their breach of fiduciary duty to their co-venturer . Further, we note irony in the fact that it was appellees, not Cosic, who asked this court in *Cosic I* to overturn the trial court and find that the agreement between the parties amounted to a joint venture. Cosic's fourth assignment of error is found well-taken.

## Cross Appeal

{¶ 19} Appellees set forth the following assignment of error:

> The trial court erred in not including expenses incurred by defendants-appellees/cross-appellants for maintenance, repairs, real estate taxes and insurance for the two houses from 2008 to the closing of the sales

8.

in December 2013 in determining the extent for the losses incurred by the joint venture.

{¶ 20} Appellees are seeking reimbursement for losses they supposedly sustained during the time Kronberg was living in one of the homes. As we discussed earlier, it was during this period that appellees breached their fiduciary duty to co-venturer Cosic. For the same reasons we found Cosic's third assignment of error well-taken, we find appellees' cross-assignment of error not well-taken.

{¶ 21} The judgment of the Ottawa County Court of Common Pleas is reversed. This matter is remanded for recalculation of the joint venture's profits and losses in accordance with this decision. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

_____
JUDGE

Arlene Singer, J. _____

James D. Jensen, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.