**NATIONAL CITY BANK, AKRON, Appellee,**

v.

**DONALDSON, Appellant.**

[Cite as *Natl. City Bank, Akron v. Donaldson* (1994), 95 Ohio App.3d 241.]

Court of Appeals of Ohio,
Summit County.

No. 15867.

Decided June 15, 1994.

242

*William Emley, Sr.,* for appellee.

*Lorrine Holman,* for appellant.

---

DICKINSON, Judge.

Defendant Juanita A. Donaldson has appealed from an order of the Summit County Court of Common Pleas that granted summary judgment to plaintiff National City Bank, Akron ("National City"). She has argued that the trial court: (1) incorrectly granted National City's motion for summary judgment; and (2) incorrectly denied her motion for leave to file an amended answer and counterclaim. This court reverses the judgment of the trial court because there was a genuine issue of material fact and National City was not entitled to judgment as a matter of law.

I

National City brought this action against Donaldson for money due pursuant to a promissory note that was signed by her and her son. The money borrowed pursuant to the note was used by her son to purchase a car. The note called for monthly payments of $317. Donaldson's son eventually defaulted on the note, and National City repossessed and sold the car. It then brought this action

against Donaldson for $5,655.29, the deficiency owed on the note. Donaldson admitted signing the note, but denied any liability based upon it.

National City moved for summary judgment, arguing that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. Donaldson responded by filing an affidavit in which she stated that she had signed the note at the request of a salesman employed by the dealership that had sold the car to her son. According to Donaldson, the salesman visited her at her church for the purpose of obtaining her signature. She told him that she could not make monthly payments because Social Security was her only source of income. The salesman allegedly assured her that he would arrange things so she would not have to pay anything on the note:

"He told me, 'Mrs. Donaldson, you will not have to make any payments on this loan. I will have the monthly payments taken out of your son's service allowance each month, but I need your signature because you have good credit.' "

Based upon that alleged assurance, she signed the promissory note.

At the same time Donaldson filed her response to National City's motion for summary judgment, she also filed a motion for leave to file an amended answer and a counterclaim. The trial court granted National City's motion for summary judgment and denied Donaldson's motion for leave to file an amended answer and a counterclaim. Donaldson appealed to this court.

## II

### A

■ Donaldson's first assignment of error is that the trial court incorrectly granted National City's motion for summary judgment. In reviewing a trial court's grant of summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122. Donaldson has argued that there remained a genuine issue of material fact before the trial court regarding whether she had actually entered into a contract with National City that obligated her to pay her son's debt.

■ In granting National City's motion for summary judgment, the trial court stated that Donaldson's affidavit, which she submitted in opposition to National City's motion for summary judgment, was "parol evidence and inadmissible." The parol evidence rule is a rule of substantive law that prohibits a party to a

written contract from contradicting the terms of that written contract with evidence of alleged prior agreements, either written or oral:

"When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing." 3 Corbin, Corbin on Contracts (1960) 357, Section 573; *Burton, Inc. v. Durkee* (1952), 158 Ohio St. 313, 49 O.O. 174, 109 N.E.2d 265.

A document that was agreed to by the parties as a "complete and accurate integration of [a] contract" is a prerequisite to application of the parol evidence rule. Presentation of a document that, on its face, appears to be a "complete and accurate integration of [a] contract" will often be sufficient to satisfy this prerequisite because the parties will acknowledge that they intended the document to serve that purpose. They may argue about the meaning of terms included in the document, or they may argue that they had an additional agreement outside the document, but they will acknowledge that the document was intended to be a "complete and accurate integration of [a] contract" at the time it was signed. In such a situation, the parol evidence rule will prevent one of the parties from presenting evidence tending to contradict a term found in the document. As stated by the Ohio Supreme Court in *Dice v. Akron, Canton & Youngstown RR. Co.* (1951), 155 Ohio St. 185, 191, 44 O.O. 162, 164, 98 N.E.2d 301, 303, reversed on other grounds (1952), 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398:

"A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. * * * If this were permitted, contracts would not be worth the paper on which they are written. If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs." (Citations omitted.)

A different situation is presented, however, when one of the parties to what appears on its face to be a "complete and accurate integration of [a] contract" argues that the parties agreed that the document would not be an expression of an agreement between them. In that situation, the parol evidence rule has no application until the initial issue of whether the parties intended the proffered document to be an expression of their agreement has been resolved. Any otherwise admissible evidence is properly considered by a court in determining whether a proffered document was intended by the parties to be a "complete and accurate integration of [a] contract" between them:

"That a writing was or was not adopted as a completely integrated agreement may be proved by any relevant evidence. A document in the form of a written contract, signed by both parties and apparently complete on its face, may be decisive of the issue in the absence of credible contrary evidence. But a writing cannot of itself prove its own completeness, and wide latitude must be allowed for inquiry into circumstances bearing on the intention of the parties." 2 Restatement of the Law 2d, Contracts (1981), Section 210, Comment *b*; 2 Farnsworth on Contracts (2 Ed.1990), Section 7.4 at 211–213; 3 Corbin on Contracts (1960) 360, Section 573. As explained by the United States Court of Appeals for the Second Circuit, parties may execute a document that, on its face, appears to be a "complete and accurate integration of [a] contract," for reasons other than a desire to make an enforceable agreement:

"It is well settled that whatever the formal documentary evidence, the parties to a legal transaction may always show that they understand a purported contract not to bind them; it may, for example, be a joke, or a disguise to deceive others. * * * It is no objection that such an understanding contradicts the writing; a writing is conclusive only so far as the parties intend it to be the authoritative memorial of the transaction. Whatever the presumptions, their actual understanding may also be shown except in so far as expressly or implicitly they have agreed that the writing alone shall control. While it is true that an intent to make a contract is not necessary to the creation of a contract and that parties who exchange promises will find themselves bound, whatever they may have thought, nevertheless they will not be bound if they agree that their words, however coercive in form, shall not bind them." (Citations omitted.) *In re H. Hicks & Son, Inc.* (C.A. 2, 1936), 82 F.2d 277, 279; 3 Corbin, Corbin on Contracts, *supra*, at 393–396, Section 577.

In this case, National City presented the trial court with a document that, it claimed, Donaldson had signed as a "complete and accurate integration of [a] contract" between her and National City. That document, on its face, appeared to be a "complete and accurate integration of [a] contract" by which Donaldson had agreed to pay her son's debt:

"FOR VALUE RECEIVED, I, the Debtor, promise to pay to the order of NATIONAL CITY BANK, AKRON ('Bank'), I Cascade Plaza, Akron, Ohio, the principal sum of FIFTEEN THOUSAND ONE HUNDRED NINETY TWO & 89/100 Dollars, together with interest on the principal sum outstanding from time to time as hereinafter set forth. * * * "

Donaldson submitted evidence, in the form of her affidavit, however, that the document was not what it appeared to be. She contended that she had not signed the document as a "complete and accurate integration of [a] contract" by which she agreed to pay her son's debt, but rather signed it only after she was

assured she would not have to pay his debt and that her signature was only necessary because she had "good credit." In order to conclude whether the parol evidence rule was applicable in this case, the trial court was required to determine, based upon "any relevant evidence," whether the parties intended the document signed by Donaldson to be a "complete and accurate integration of [a] contract" between them. According to Donaldson's affidavit, she and the salesman agreed, prior to her signing the document at issue, that the document would not be an enforceable contract. In view of that affidavit, National City was not entitled to summary judgment against Donaldson.

Civ.R. 56(C) provides that all evidence properly before a court on a motion for summary judgment must be construed in favor of the party opposing the motion. In this case, construing Donaldson's affidavit in her favor, she never agreed to be liable to National City for her son's debt. If that is true, not only is the parol evidence rule not applicable in this case, but in addition the document relied upon by National City to impose liability on Donaldson is not enforceable against her.

National City has argued that the decision of the trial court should be affirmed based upon the decision of the Ohio Supreme Court in *Marion Prod. Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 533 N.E.2d 325. The plaintiff in that case brought an action against the defendants on certain promissory notes and a mortgage. The defendants filed a counterclaim against the plaintiff in which they alleged that the plaintiff had agreed, prior to the execution of the agreements there at issue, to release defendants from any obligations under the agreements if plaintiff received the proceeds from the sale of fifty thousand bushels of corn. The Supreme Court described the difference between the written agreements of the parties and the alleged oral agreement as follows:

"The written instruments and the alleged oral agreement establish different amounts of money for which the [defendants] are liable. The alleged oral agreement would seem to create liability for an amount equal to the actual sale price of fifty thousand bushels of corn, which was apparently $115,821.18. The written mortgage agreement, on the other hand, was open-ended and states that it was intended to secure all amounts of indebtedness up to $800,000. The writing specifically established that the [defendants] were, at the date of signing, responsible for the two loans recited which were in the amounts of $107,836 and $513,700." *Id.,* 40 Ohio St.3d at 275, 533 N.E.2d at 334.

The Supreme Court concluded that defendants' counterclaim was correctly dismissed by the trial court:

"[T]he claim that the alleged oral agreement was an inducement for the written mortgage is not reasonably acceptable since, rather than being the inducement for the transaction, the alleged oral agreement is upon the very subject and conditions as contained within the written mortgage agreement and is therefore a

mere variation in terms. There is nothing about the parol agreement which is extrinsic to the written agreement; thus, it fails the requirement that the inducement element of a fraudulent inducement claim must relate to matters not within the writing asserted as a defense." *Id.*[1]

Unlike Donaldson, the defendants in *Marion Credit* did not contend that the documents there at issue were not intended to be an expression of an agreement between them. Rather, they argued that certain of the terms included in the documents were inaccurate or incomplete. In that situation, the defendants having agreed that the document was intended to be an expression of a contract, the parol evidence rule prevented them from submitting evidence in an attempt to contradict what they had signed.

The trial court erred in granting National City's motion for summary judgment. Donaldson's first assignment of error is sustained.

## B

■ Donaldson's second assignment of error is that the trial court incorrectly denied her motion for leave to file an amended answer and a counterclaim. By her proffered amended answer, Donaldson sought to raise as affirmative defenses alleged violations of the Consumer Sales Practices Act, R.C. Chapter 1345, fraud, and "failure of consideration." By her proffered counterclaim, she sought relief against National City based upon the Consumer Sales Practices Act, fraud, and the Truth in Lending Act, Section 1601 *et seq.*, Title 15, U.S.Code.

Donaldson has acknowledged that her motion for leave to file her amended answer and her counterclaim was addressed to the sound discretion of the trial court. She did not seek leave to file the proffered pleadings until more than two months after National City had moved for summary judgment. Further, although the trial court held a joint hearing on National City's motion for summary judgment and Donaldson's motion for leave, neither Donaldson nor her counsel attended that hearing. The trial court did not abuse its discretion in denying Donaldson's motion for leave under the circumstances.

Donaldson's second assignment of error is overruled. This ruling, however, does not foreclose Donaldson from seeking leave to file an amended answer and a counterclaim on remand.

---

1. In *Marion Prod. Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 275, 533 N.E.2d 325, 334, the Ohio Supreme Court stated that the defendants' counterclaim could not "withstand the asserted defense of the Statute of Frauds." One commentator has suggested that the court confused the Statute of Frauds and the parol evidence rule. Shanker, Judicial Misuses of the Word Fraud to Defeat the Parol Evidence Rule and the Statute of Frauds (With Some Cheers and Jeers for the Ohio Supreme Court) (1988), 23 Akron L.Rev. 1.

### III

Donaldson's first assignment of error is sustained and her second assignment of error is overruled. The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., and BAIRD, J., concur.