OPINION
Plaintiffs-appellants, Carol and Dan Mazzaferri, appeal the Butler County Court of Common Pleas decision granting summary judgment to defendant-appellee, Weller Roofing, Inc., and dismissing their personal injury and loss of consortium claims.
In 1975, the Mazzaferris purchased a newly constructed home in Fairfield, Ohio. In early Fall of 1993, the Mazzaferris noticed water leaking into their family room. Upon further investigation, Mr. Mazzaferri discovered the water seeping into the home from an area where the second floor deadwall met the pitched roof. His attempts to patch the roof were unsuccessful. Mr. Mazzaferri subsequently contacted Weller Roofing. He described the leaking area and his attempts to patch the roof to a Weller Roofing representative. Weller Roofing proposed to "re-roof" the residence for a discounted cost of $1,160, and the Mazzaferris accepted that proposal on October 26, 1993.[1] The roofing work began in late October, and the Mazzaferris paid for the work soon after.
During the spring of 1994, the Mazzaferris again noticed water leaking into their family room. Mr. Mazzaferri again observed seepage from the same area where the roof met the second floor deadwall. Mr. Mazzaferri left several messages on Weller Roofing's answering machine, but received no response. In May 1994, Mr. Mazzaferri discovered a Weller Roofing employee on his roof. The employee told Mr. Mazzaferri he was there to finish an area that Weller Roofing had not completed the previous fall. The employee claimed he knew nothing about any leaking problem, but the employee caulked the leaking area while he was there. The leaking continued, however. Mr. Mazzaferri continued to leave messages at Weller Roofing, but received no response.
On June 6, 1994, a severe storm struck the Fairfield area. Mrs. Mazzaferri and her daughter went to the basement, and when they emerged they discovered water running along the length of a false beam in the family room. They began to collect pots and pans to capture the runoff. While walking from the wet carpeted family room onto a tiled hallway, Mrs. Mazzaferri fell and was injured.
A Weller Roofing representative came out to the Mazzaferri residence the next day. Upon inspection, that individual said that the leak was caused by two pieces of improperly installed "J-Channel" below the deadwall aluminum siding. Weller Roofing proposed to correct the problem for $300. After Weller Roofing performed its repairs, the leaking stopped.
On March 9, 1995, the Mazzaferris filed a personal injury complaint against Weller Roofing.[2] On May 31, 1996, Weller Roofing filed a motion for summary judgment. The trial court granted that motion on September 4, 1996. In concluding that summary judgment was appropriate, the trial court wrote:
 We find that (1) the defendant did not breach any duty to plaintiffs in failing to properly diagnose the leak and thereby perform its work in a workman-like manner; (2) the defendant did not breach its duty to replace the roof; (3) the defendant had no duty to repair the improperly installed aluminum siding and J-Channel; (4) the defendant did not create the hazard or the nuisance which ultimately caused plaintiff Carol Mazzaferri's injuries; and (5) the proximate cause of plaintiff Carol Mazzaferri's injuries was here [sic] own negligence.
On appeal, the Mazzaferris complain under a single assignment of error that the trial court improperly granted Weller Roofing's motion for summary judgment. They specifically argue that there is conflicting evidence about the reason they hired Weller Roofing, that summary judgment was improper in light of expert witness evidence suggesting that Weller Roofing did not perform in a workmanlike manner, and that the trial court erred in determining that Mrs. Mazzaferri's own negligence was the sole proximate cause of her injury.
 DISCUSSION A. Summary Judgment in Negligence Actions
The essential elements for a negligence claim are duty, breach of duty, and damage or injury that is a proximate result of the breach. To defeat a summary judgment motion in a negligence action, a plaintiff must demonstrate, with all evidence construed most strongly in the plaintiff's favor, that the defendant owed the plaintiff a specific duty, that the defendant breached that duty, and that the breach of duty proximately caused the plaintiff to sustain a loss or injury. See Skubovious v. Clough (1996), 108 Ohio App.3d 316, 319-20. A trial court, however, must award summary judgment with caution, being careful to construe the evidence and resolve all doubts in favor of the nonmoving party. See Leibreich v. A.J. Refrigeration, Inc. (1993), 67 Ohio St.3d 266,269. In reviewing a summary judgment, an appellate court applies the same standard the trial court must apply, and must independently review the record available to the trial court. See Beardsley v. Manfredi Motor Transit Co. (1994),97 Ohio App.3d 768, 769.
 B. Duty and Breach
The existence of a duty is not in question here. The trial court recognized in its decision that there is a duty implied in law to perform construction services in a workmanlike manner. See Ohio Hist. Soc. v. General Maint. Eng. Co. (1989), 65 Ohio App.3d 139. See, also, Berdyck v. Shindle (1993), 66 Ohio St.3d 573,579 ("one who possesses superior knowledge and skill and who fails to employ it for the benefit of another when their relationship requires it will be held liable for injuries proximately resulting from that failure"). Weller Roofing recognizes in its appellate brief that it owed a duty to the Mazzaferris to perform in a workmanlike fashion. Weller Roofing argues, however, that under its written proposal its only duty was to replace the Mazzaferris' roof — not to fix a leak. Weller Roofing claims that any evidence to the contrary violates the parol evidence rule and should not be considered.
The parol evidence rule has no application until the initial issue of whether the parties intended for a proffered document to be an expression of their agreement has been resolved. Natl. City Bank, Akron v. Donaldson (1994), 95 Ohio App.3d 241, 245. "[A] writing cannot of itself prove its own completeness, and [therefore,] wide latitude must be allowed for inquiry into circumstances bearing on the intention of the parties." Id. at 246 citing 2 Restatement of the Law 2d, Contracts (1981), Section 210, Comment b. See, also, 43 Ohio Jurisprudence 3d (1983) 423, Evidence and Witnesses, Section 565 (parol evidence is admissible where a verbal agreement is not inconsistent with, but supplementary to, a written agreement). Importantly, the trial court was apparently not convinced that Weller Roofing's written proposal to the Mazzaferris was a complete and accurate statement of their agreement since the court expressly considered the parties' deposition testimony in its opinion.
Despite Weller Roofing's implied duty to perform its roofing services in a workmanlike manner, the trial court found that "the defendant did not breach any duty to plaintiffs in failing to properly diagnose the leak * * *[.]" The trial court also found that "the defendant had no duty to repair the improperly installed aluminum siding and J-channel [and] the defendant did not create the hazard or the nuisance which ultimately caused plaintiff Carol Mazzaferri's injuries[.]"
In reaching its conclusions, this court is not convinced that the trial court considered the deposition testimony cited in its opinion in the light most favorable to the Mazzaferris. See Leibreich, 67 Ohio St.3d at 269. More importantly, however, the trial court did not even address the testimony of the Mazzaferris' expert witness, Kimm Nicolay. "Evidence of the custom and practice of persons engaged in a trade or business similar to the trade or business of a party to a negligence suit is admissible and probative in regard to the requisite standard of care." 57A American Jurisprudence 2d (1989) 232, Negligence, Section 177. The Mazzaferris hired Nicolay, a roofing expert, to inspect Weller Roofing's work. Nicolay indicated in her deposition that on "tackon" re-roofing jobs, most roofers reflash areas abutting or projecting through the roof. Nicolay also offered her opinion that the leak at issue was caused by the improper installation of shingles at the lower rear sidewall.
Viewing the evidence in the light most favorable to the Mazzaferris, this court concludes they came forward with some evidence that Weller Roofing's failure to investigate the flashing around the leaking area of the roof was not common practice in the industry and was not proper. A question of fact therefore exists that Weller Roofing breached its duty to perform its roofing services in a workmanlike manner.
 C. Proximate Cause
This court's determination that a question of fact exists that Weller Roofing breached its duty to perform in a workmanlike manner does not end the analysis. Another issue here is whether Weller Roofing's alleged negligence in performing its services can be excluded as a proximate cause for Mrs. Mazzaferri's injuries as a matter of law. Since the trial court failed to properly consider all the evidence concerning the applicable standard of care, that court did not fully address the proximate causation issue.
Although the concept is often difficult to apply, a negligent act or omission may be considered the proximate cause of an injury if the "natural and continuous sequence produces a result which would not have taken place without the act." Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 287. See, also, Cascone v. Herb Kay Co. (1983), 6 Ohio St.3d 155. An injury is the natural and probable consequence of negligence if, under the surrounding circumstances, some injury might and should have been foreseen. Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 143. The defendant, however, need not have anticipated the particular injury; it is sufficient that his action or omission was likely to result in some injury. See Neff Lumber Co. v. First Natl. Bank (1930),122 Ohio St. 302, 309. Although an intervening or concurring act may break the causal connection between a defendant's negligence and an injury, the connection between a defendant's negligence and a subsequent injury is not broken if an intervening act or event is reasonably foreseeable and the defendant's negligence remains an important link in the chain of causation. See Taylor v. Webster (1967), 12 Ohio St.2d 53, 56.
Since questions concerning what is foreseeable and what is normal are subject to varying inferences, as is the question of negligence itself, proximate cause determinations are generally left to the trier of fact to resolve. 57A American Jurisprudence 2d (1989) 426, Negligence, Section 443. The issue of intervening or concurrent negligence also generally involves factual issues for the trier of fact. Leibreich, 67 Ohio St.3d at 269; Cascone at 160.
The trial court concluded that "the proximate cause of plaintiff Carol Mazzaferri's injuries was [her] own negligence." The record, however, does not necessarily support the trial court's conclusion that Mrs. Mazzaferri was negligent as a matter of law. The mere occurrence of an injury generally does not create an inference of negligence. Gayheart v. Dayton Power 
Light Co. (1994), 98 Ohio App.3d 220, 229-30, citing Laughlin v. Cleveland (1959), 168 Ohio St. 576. However, there may be more than one proximate cause of an injury. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 587. Thus, even if the trial court could properly conclude that Mrs. Mazzaferri was negligent as a matter of law, her negligence would not necessarily preclude recovery against Weller Roofing under Ohio's comparative negligence statute. See R.C. 2315.19.
The difficult issue here is whether it was foreseeable that as a result of Weller Roofing's alleged negligence, a situation might arise where someone underneath the leaky roof could be injured. The injury here is remote from Weller's alleged negligence in failing to install the Mazzaferris' roof in a workmanlike manner; however, this court is not convinced that the injury was so remote that Weller is relieved from responsibility as a matter of law.
 CONCLUSION
The trier of fact could draw a reasonable inference from the evidence presented that Weller Roofing knew that the Mazzaferris wanted a new roof, at least in part, to correct a leaking problem. Weller Roofing owed the Mazzaferris an implied duty to perform its services in a workmanlike manner. The Mazzaferris produced expert opinion evidence that Weller Roofing breached its duty in that regard. It is foreseeable that if one is hired to replace a leaky roof and fails to perform in a workmanlike manner, the leak will continue. Moreover, the Mazzaferris notified Weller Roofing on several occasions that their roof was continuing to leak. Since issues of proximate cause are generally for the trier of fact, and since summary judgment should only be granted with caution, this court will remand the case to the trial court for further proceedings.
KOEHLER, J., concurs.
POWELL, J., dissents.
[1] The written proposal provided in part:
 Install new soil pipe boots and roof vents. Reroof house with 25 yr. fiberglass shingles. All shingles hand nailed 4 nails per shingle using 1 1/2" nails. Flash chimney (base and saddle). All work Guaranteed 25 yr. labor and material.
[2] John Weller was originally named as a defendant, but was dismissed with prejudice on May 19, 1995.