[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
In this case, Kathryn Sparrow appeals from a summary judgment decision granted in favor of John Erd. In the complaint filed with the trial court, Erd alleged that Kathryn and Donald Sparrow, who were husband and wife, had signed and delivered a promissory note on August 1, 1991, in the amount of $16,800, with 10% interest to be paid per annum. The note was secured by a mortgage, also dated August 1, 1991, on property owned by Donald Sparrow. Donald Sparrow died in February, 1992, and the note was never paid. As a result, in 1997, Erd filed for judgment on the promissory note, to marshal all liens, and to foreclose on the property, which was located at 2992 Hoop Road. Other alleged heirs besides Kathryn Sparrow were also sued because Donald Sparrow died intestate.
In answering the complaint, Mrs. Sparrow admitted signing the promissory note, but asserted want of consideration, laches, waiver, and voidness due to public policy or illegality as affirmative defenses. Shortly after the answer was filed, Mrs. Sparrow filed interrogatories, requests for admissions, and a request for production of documents. Subsequently, on August 8, 1997, Erd filed a motion for summary judgment. According to Erd's affidavit, which was filed in support of the motion, the consideration for the promissory note was rent that Donald Sparrow owed to Erd. Erd claimed that Sparrow had agreed to pay rent of $200 per month, but had failed to do so for seven years, making $16,800 due at the time the note was signed.
On August 22, 1997, Mrs. Sparrow filed a response to the summary judgment motion, without supporting affidavits. In the memorandum opposing summary judgment, Mrs. Sparrow claimed the promissory note and mortgage were given to ensure that Mr. Sparrow's property was not lost through bankruptcy or a pending personal injury suit that had been filed against the Sparrows. Mrs. Sparrow then filed a motion to compel discovery on September 25, 1997, claiming, among other things, that Erd had failed to disclose business records for the time period when the consideration for the note and mortgage was allegedly provided. Before Erd responded to the motion to compel, the court granted summary judgment on September 29, 1997. The court's decision was based on Mrs. Sparrow's failure to file affidavits or other evidence substantiating her position.
Subsequently, Mrs. Sparrow filed a motion for reconsideration or for relief under Civ.R. 60(B). In this motion, counsel for Mrs. Sparrow stated that the failure to file affidavits with the summary judgment motion resulted from counsel's excusable neglect. Attached to the motion was the affidavit of Mrs. Sparrow, in which Sparrow denied owing seven years rent to Erd. Specifically, Mrs. Sparrow said that she and her husband had owned their own home for sixteen years and had not rented from Erd for twenty-one years. Furthermore, at the time the Sparrows stopped renting from Erd, all the rent was paid in full. As an explanation for the promissory note and mortgage, Mrs. Sparrow said that she and her husband had been sued in a personal injury case and that Mr. Sparrow had been diagnosed with cancer. As a result, the Sparrows approached Erd, who was a personal friend, because they were concerned that they might lose their real estate. Erd agreed to accept a promissory note and mortgage executed by the Sparrows to protect the Sparrows against the possible loss of the real estate in the personal injury action.
In addition to Mrs. Sparrow's affidavit, Mrs. Sparrow's counsel submitted the first page of a complaint that was filed on February 13, 1990, against the Sparrows and several other parties. From the material attached, the specific basis of the lawsuit is unclear. All we know, per the affidavit of Mrs. Sparrow, is that the lawsuit was one for personal injuries. We do note that a certified copy of the complaint has been attached to Mrs. Sparrows' appellate brief, but we cannot consider that evidence because it was not presented to the trial court.
On October 29, 1997, the trial court granted the motion for Civ.R. 60(B) relief and indicated that the summary judgment motion would be reconsidered based on the affidavits that had been submitted. The court then found, on March 30, 1998, that Erd was entitled to summary judgment. In the court's opinion, consideration existed either in terms of money owed for rent, or the creation of a "legal relationship" between the parties. While the court's comments about the latter point are not entirely clear, it appears that the court found adequate consideration because the Sparrows signed the note to avoid the financial consequences of a pending lawsuit. Unlike the trial court, we see no specific "legal relationship" that was created, other than the relation of promisor and promisee. However, that begs the question. Admittedly, on the surface, a legal relationship was created, but the issue is whether adequate consideration existed to support it. On the other hand, avoiding the financial consequences of a pending suit could be a "benefit" flowing to the promisor under traditional contract analysis, which defines consideration as "a benefit to the promisor or a detriment to the promisee." City Trust Sav. Bank v. Schwartz (1940), 68 Ohio App. 80,93. In City Trust Sav. Bank, the court elaborated on this definition by stating that:
 [a] valuable consideration in the sense of the law may consist either in some right, interest, profit or benefit accruing to the other party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.
Id. See also, Heuter v. Binduchowski (1953), 94 Ohio App. 481,485.
In any event, after finding adequate consideration, the trial court granted summary judgment for Erd and ordered that the Hoop Road property be foreclosed. Judgment was also granted on the promissory note. Later, the court denied a motion for stay of execution and the property was sold on November 5, 1998, for $23,000.
On appeal, Mrs. Sparrow raises one assignment of error, i.e., that the trial court erred in granting summary judgment because there was a lack of consideration and/or the consideration was against public policy. After reviewing the facts and applicable law, we agree with Mrs. Sparrow and reverse the judgment of the trial court.
Under Civ.R. 56(C), summary judgment shall be granted if the evidence of record shows no genuine issues of material fact and "that the moving party is entitled to judgment as a matter of law." The moving party has the burden of showing the lack of genuine issues of material fact. Citizens Fed. Bank, F.S.B. v.Brickler (1996), 114 Ohio App.3d 401,407 (citation omitted). Additionally, when an appellate court reviews a summary judgment decision, the facts are viewed most favorably to the party who opposed the motion. Id.
As we mentioned previously, Mrs. Sparrow asserted defenses to the note, including want of consideration and voidness due to public policy or illegality. Absence or failure of consideration is an affirmative defense and the defendant has the burden of proof. Ohio Loan Discount Co. v. Tyarks (1962),173 Ohio St. 564. Likewise, the maker of a note may defend against the note based on the illegality of the agreement. See, R.C. 1303.35(A)(1)(b), and Jacobs v. Mitchell
(1889), 46 Ohio St. 601, syllabus 3.
If we accept Mrs. Sparrow's testimony as true, the Sparrows and Erd entered into a fraudulent agreement in 1991 for the purpose of misleading potential creditors. The trial court appeared to recognize this, but focused only on whether the creation of this "legal relationship" furnished adequate consideration for the promissory note. We believe this was error. In Springfield Fire Marine Ins. Co. v. Hull (1894), 51 Ohio St. 270, the Ohio Supreme Court said that:
 [i]t is not disputed that a contract, founded upon a consideration which, in whole or in part, is illegal, immoral, or against public policy is void, and will not be enforced at the instance of any party to it. * * * The rule is that the court will not assist either party to such a contract to enforce it against the other, or to recover what he has parted with under the contract; and the test in determining when it applies to a plaintiff is whether his cause of action is founded on or arises out of the illegal agreement. If the action is of that character, whether it appear from his own stating or is shown by way of defense, he must fail.
Id. at 277. Likewise, in Jacobs, the Ohio Supreme Court said that "[t]he maker, when sued on a note, may, as a defense, show that it is founded upon an illegal agreement, although it appears that he is in pari delicto, where the suit is by a party to the agreement." 46 Ohio St. at 603, syllabus 3. See also, Moore v.Baker Homes, Inc. (June 11, 1984), Butler App. No. CA 83-09-110, unreported (indicating that in law or equity, courts will not enforce contracts founded on a consideration that is illegal or immoral).
Again, if Mrs. Sparrow's testimony is believed, no money was owed to Erd and no money changed hands as a result of the note. While we do not condone the Sparrows actions, if they, in fact, perpetrated a fraud, we also see no reason why Erd should be allowed a windfall for his own wrongful conduct. As was stressed above, courts should not help either party to enforce an illegal contract. In reaching this conclusion, we emphasize that we have no opinion on the merits of the case. An equally likely scenario is that rent was actually owed and the promissory note was signed as an acknowledgment of the debt. This would be sufficient consideration even if the debt were a pre-existing obligation.City Trust Sav. Bank, 68 Ohio App. at 91. However, these are issues of fact which are not susceptible to summary resolution.
As a final matter, we note that Erd has raised the application of the parol evidence rule in his brief. Specifically, Erd claims the note and mortgage are unambiguous and that evidence of preceding oral agreements should not be admitted. Again, we disagree. As was noted in Natl. City Bank, Akron v.Donaldson (1994), 95 Ohio App.3d 241, "`the parties to a legal transaction may always show that they understood a purported contract not to bind them; it may, for example, be a joke or a disguise to deceive others.'" Id. at 246 (citations omitted). Furthermore, parol evidence is admissible where fraud is alleged. See, e.g., State v. Weigand (June 27, 1995), Tuscarawas App. No. 94APO050033, unreported, discretionary appeal not allowed,74 Ohio St.3d 1482, and South Union, Ltd. v.George Parker Associates (1985), 29 Ohio App.3d 197,207.
In view of the preceding analysis, Mrs. Sparrow's single assignment of error is sustained. Accordingly, this case is reversed and remanded to the trial court for further proceedings consistent with this opinion.
GRADY, P.J., and YOUNG, J., concur.
Copies mailed to:
Donald G. Schornak
Cynthia A. Lennon
Hon. Thomas Rose