[Cite as *Lakeview Elec., Inc. v. Van Auken*, 2020-Ohio-4941.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Lakeview Electric, Inc.                         Court of Appeals No. OT-17-006

    Appellee                                    Trial Court No. 11-CV-250H

v.

David L. Van Auken, et al.                      **DECISION AND JUDGMENT**

    Appellant                                   Decided:  October 16, 2020

* * * * *

D. Jeffery Rengel and Thomas R. Lucas, for appellee.

John A. Coppeler, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, David Van Auken, appeals the September 30, 2015 judgment of the Ottawa County Court of Common Pleas denying his motion for summary judgment and granting the motion for summary judgment of appellee, Lakeview Electric, Inc.

("Lakeview"). For the following reasons, we reverse and remand the trial court's judgment.

## I. Background

{¶ 2} On April 26, 2011, Lakeview filed a four-count complaint against Van Auken, dba Lifestyle Development ("Lifestyle"), Dennis Hartzell, and First Choice Builders, Inc. ("First Choice") seeking recovery on two accounts, alleging unjust enrichment, and seeking to enforce a promissory note. Lakeview dismissed its claims against Hartzell, the owner of First Choice, on October 29, 2014. First Choice failed to answer the complaint, and the trial court granted Lakeview a default judgment against First Choice on January 25, 2017. Thus, the claims against Van Auken are the only ones before us.

{¶ 3} Van Auken and Lakeview each filed a motion for summary judgment on January 11, 2013. On August 24, 2015, the trial court filed a judgment entry granting Lakeview's motion and denying Van Auken's motion. The court found that Van Auken was personally liable on the promissory note and granted Lakeview a judgment of $25,929.36—the full amount of the promissory note and more than the $23,768.58 Lakeview requested in its complaint.

{¶ 4} On September 30, 2015, the court filed a nunc pro tunc entry granting Lakeview interest on its judgment at the rate of 18 percent per year from April 26, 2011. The September 30 entry was identical to the August 24 entry in all other respects.

2.

**{¶ 5}** Van Auken filed this timely appeal on February 14, 2017.  He asserts two assignments of error:

1.  There are genuine issues of fact which preclude granting appellee's summary judgment.

2.  Appellant's affirmative defense of lack of consideration bars appellee's claim on a promissory note.

## II.  Facts

**{¶ 6}** Lakeview is an electrical contractor that provided goods and services to First Choice and Lifestyle.  In its complaint, Lakeview alleged that Van Auken and Hartzell were business partners who were doing business as First Choice and Lifestyle.  Hartzell confirmed in his answer, filed June 2, 2014, that Van Auken was a shareholder of First Choice.  In Hartzell's affidavit in support of his own motion for summary judgment, however, Hartzell averred that he was the sole owner of First Choice.  Van Auken denied having any ownership interest in First Choice in his answer, his discovery responses, and his affidavit in support of his motion for summary judgment.

**{¶ 7}** Lakeview sought to recover $18,378.14 from the defendants based on two accounts; it also alleged unjust enrichment in the same amount.  In support of the first account, Lakeview attached an invoice dated January 14, 2008 ("invoice A").  The invoice lists only "Lifestyle Development" in the "Bill To" section and "4712 Marshview Dr." in the "Project" section. The "Terms" are "Net 30."  After the statement "The Following [sic] work was completed for Lifestyle Development," invoice A lists a

3.

number of items and prices for the work Lakeview completed. The second page of invoice A shows a total owed of $14,628.33 and includes handwritten notations of two payments for $3,375 and $4,000, leaving a balance of $7,253.33. Invoice A includes a line item that states "Dave Paid 3375.00 on 1-31-08 [sic]." The invoice does not include any other dates.

{¶ 8} In support of the second account, Lakeview attached an invoice dated December 16, 2008 ("invoice B"). This is the only date on the invoice. The "Bill To" section lists only "First Choice Builders." Invoice B does not have a "Project" section; instead, it has a section titled "P.O. No." that states "Bailywick lot 13." The "Terms" of the invoice are "2/3 Rough 1/3 Finish." Under the statement "I am pleased to quote the following for First Choice Builders," invoice B lists a number of items, but does not include any prices. The first charge on the invoice is for "Total for labor and material for original bid," which is listed as $7,299. The remaining charges are listed under the heading "Extra Work [sic] completed." The second page of invoice B shows a total due of $11,124.81 and does not note any payments.

{¶ 9} The fourth count in Lakeview's complaint concerns a promissory note dated December 31, 2008. The amount of the note is $25,929.36, to be paid in six monthly installments of $2,160.76 with a balloon payment for the remaining principal due on July 1, 2009. Lakeview sought damages in the amount of $23,768.58 for the remaining principal balance. The note lists First Choice and Van Auken "individually and collectively" as the borrowers. The signature block of the note is spread over two pages.

4.

At the bottom of the first page are the words "First Choice Builders."  At the top of the second page is the line "per: _____ (SEAL)."  This would be underneath "First Choice Builders" if the signature block were on one page.  Below that is a blank signature line with "Dave Van Auken" typed under it.  Van Auken signed the note on the line above his name.  Van Auken also signed "First Choice Builders Inc." in cursive above his signature and below the "per" line.  Van Auken did not indicate that he was signing "for," "per," or "on behalf of" First Choice and did not include a title (such as "project manager" or "manager") with his signature.

{¶ 10} Van Auken filed his answer on May 25, 2011.  In it, he denied having any business interest in First Choice, denied owing Lakeview any money, and denied personal liability for the promissory note.  Van Auken also asserted five defenses, including claims that he was acting as First Choice's employee and did not receive any goods or services in his individual capacity, the documents attached to the complaint do not constitute accounts, and there was a lack of consideration for the transactions in the complaint.

{¶ 11} On January 11, 2013, Lakeview moved for summary judgment on the basis that it sufficiently proved two unpaid accounts and that Van Auken was personally liable on the December 31 note.  In support, Lakeview submitted the affidavit of Scott White, Lakeview's owner.  The affidavit authenticates invoice A, invoice B, and the promissory note.  White also states that the note "represented the sum total remaining due to Lakeview Electric, Inc. on the earlier electrical jobs performed by Lakeview Electric, Inc.

5.

* * *," which is contrary to Lakeview's assertion in its complaint that the sums due on the accounts are distinct from the amount due under the note. White also asserts that the note "was prepared and signed with the intent to bind both First Choice Builders and David Van Auken, personally, for the outstanding balance then owed to Lakeside Electric, Inc." Van Auken responded by arguing that there were genuine issues of material fact in dispute regarding whether he received the goods and services from Lakeview as a project manager for First Choice or for his own personal use and whether he intended to sign the note as a representative of First Choice or personally.

{¶ 12} Also on January 11, 2013, Van Auken moved for summary judgment on the basis that he acted as First Choice's representative—not in an individual capacity—in all transactions with Lakeview and was not personally liable on either of the accounts or on the promissory note. He specifically argued that he ordered supplies and made payments as First Choice's project manager and that his signature on the note was only as First Choice's agent. Although he made some payments to Lakeview from Lifestyle's bank account, he stated in his affidavit that he was reimbursed by First Choice or Hartzell for those expenses. He also averred that he told White at the time that he signed the promissory note that he was not signing it individually. Lakeview responded by arguing that the note unambiguously named both First Choice and Van Auken, personally, as the borrowers, and Van Auken's signature did not include any indication that he was signing on behalf of First Choice.

6.

{¶ 13} In its September 30, 2015 decision, the trial court first found that Van Auken was a partner in First Choice. It also found that both Lifestyle and First Choice had accounts with Lakeview, as presented in invoice A and invoice B, respectively. The court further found that Lakeview consolidated these accounts into the December 31 promissory note, which was executed by both First Choice and Van Auken. The court concluded that Van Auken was individually liable on the note because he did not include the words "by" or "for" with his signature or indicate his position or title with First Choice when he signed. Accordingly, the trial court granted Lakeview's motion for summary judgment and denied Van Auken's motion for summary judgment. The court awarded Lakeview a judgment of $25,929.36 with 18 percent interest per year from April 26, 2011.

{¶ 14} On November 29, 2017, finding that Van Auken had commenced bankruptcy proceedings, we entered a bankruptcy stay. The bankruptcy case was closed on September 21, 2020, and this case was reinstated to the court's docket on September 24, 2020. Lakeview filed a memorandum with the court on October 5, 2020, advising that the bankruptcy proceedings had not mooted the matter. The appeal is now decisional before the court.

### III. Standard of Review

{¶ 15} An appellate court reviews summary judgment de novo, employing the same standard as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129,

7.

572 N.E.2d 198 (9th Dist.1989). The court can grant a motion for summary judgment only when the moving party demonstrates:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co., Inc.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 16} The party seeking summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). The opposing party must do so using "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *." Civ.R. 56(C). A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio

8.

App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110

Ohio App.3d 817, 827, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### IV. Law and Analysis

### A. First Assignment of Error

{¶ 17} In his first assignment of error, Van Auken argues that genuine issues of

material fact preclude summary judgment in Lakeview's favor. Specifically, he argues

that the parties never intended to bind Van Auken personally and the form of his

signature shows that he signed only as an agent of First Choice. Lakeview counters that

no material issues of fact remain because Van Auken signed a note that named him as a

joint borrower and did not indicate that he signed on behalf of First Choice, which shows

that Van Auken is liable to Lakeview, regardless of any other facts in the case. We agree

with Van Auken that summary judgment was inappropriate.

### 1. Count Four of Lakeview's Complaint

{¶ 18} We first address count four of Lakeview's complaint, which seeks to

recover on the December 31 promissory note. It is also the only count that the trial court

ruled on directly. In this count, Lakeview alleges that Van Auken is personally liable to

it in the amount of $23,768.58 based on the December 31, 2008 promissory note. In

support, Lakeview submitted the promissory note and White's affidavit attesting that the

parties intended the note to bind First Choice and Van Auken, personally. In response,

Van Auken submitted his affidavit in which he claims that he signed the note only as

9.

First Choice's representative and that he told White at the time that he was signing only on behalf of First Choice, not individually. Van Auken contends that his affidavit presents a genuine issue of material fact regarding whether the parties intended to bind him individually, despite the note listing him as a coborrower. We agree.

{¶ 19} A valid contract requires an actual agreement between the parties to do or not do something. *Lawler v. Burt*, 7 Ohio St. 340, 349 (1857). Under the parol evidence rule, prior or contemporaneous oral statements of the parties are generally inadmissible to vary, supplement, or contradict the parties' final written integration of their agreement. *Licata Jewelers, Inc. v. Levis Commons, LLC*, 195 Ohio App.3d 411, 2011-Ohio-4684, 960 N.E.2d 514, ¶ 20 (6th Dist.). Such evidence is admissible, however, to show whether the parties intended the proffered writing to embody a final written integration of their agreement. *Erd v. Sparrow*, 2d Dist. Greene No. 98-CA-43, 1999 WL 55684, *4 (Feb. 5, 1999), citing *Natl. City Bank v. Donaldson*, 95 Ohio App.3d 241, 246, 642 N.E.2d 58 (9th Dist.1994).

{¶ 20} Here, although the promissory note appears to be a fully integrated writing, Van Auken claims that the note, as written, does not embody the true intention of the parties because Lakeview, through White, was aware when Van Auken signed the note that Van Auken was signing only for First Choice and did not intend to make himself personally liable. Lakeview presented White's affidavit to rebut that claim. White avers that the parties intended Van Auken to be personally bound. Van Auken's affidavit, on the other hand, states that he signed only as a representative of First Choice. In addition

10.

to the conflicting statements in the affidavits, Van Auken points to the fact that he has claimed at every point in the litigation that he acted only as First Choice's project manager and did not personally enter into any agreements with Lakeview. Additionally, Hartzell's affidavit in support of his own motion for summary judgment confirms that Van Auken acted as First Choice's project manager and that all purchases Van Auken made were made for First Choice in his capacity as project manager. This evidence calls into question whether Van Auken and Lakeview truly intended to make Van Auken personally responsible for the amount due under the promissory note.

{¶ 21} Because a genuine issue of material fact remains regarding whether Lakeview and Van Auken, personally, executed a binding promissory note, summary judgment in Lakeview's favor was not appropriate. We therefore reverse the trial court's decision as to count four of Lakeview's complaint.

### 2. Counts One and Two of Lakeview's Complaint

{¶ 22} Next, we address the first two counts in Lakeview's complaint. These counts seek recovery of $18,378.14 on two accounts.[1] In support of its claims, Lakeview attached two invoices as proof of the accounts. The trial court found that these accounts were consolidated into the promissory note. Our review of the record shows that the invoices do not meet the requirements for proving an action on an account. Thus, the

---

[1] Count one specifically seeks recovery on the accounts in invoices A and B. Count two simply restates that the defendants owe Lakeview $18,378.14 for goods and services provided, but does not allege any additional legal basis for recovery. We construe both counts as seeking payment on the accounts in invoices A and B.

11.

trial court erred in granting Lakeview's motion for summary judgment on counts one and two and in denying Van Auken's motion for summary judgment on counts one and two.

{¶ 23} An action on an account is a pleading device used to consolidate claims one party has against another and is appropriate when the parties have conducted a series of transactions with balances that remain unpaid. *Palmer Bros. Concrete, Inc. v. Kuntry Haven Constr., LLC*, 6th Dist. Wood No. WD-11-033, 2012-Ohio-1875, ¶ 17. To prevail on an action on an account, the plaintiff must establish the existence of an account in the name of the party charged, as well as

> (1) a beginning balance (zero, or a sum that can qualify as an account
>
> stated, or some other provable sum); (2) listed items, dated and identifiable
>
> by number or otherwise, representing charges, or debits, and credit; and (3)
>
> a summarization by means of a running or developing balance, or an
>
> arrangement of beginning balance and items that permits the calculation of
>
> the amount claimed to be due.

(Internal quotations omitted.) *Id.* at ¶ 18; *Minster Farmers Coop. Exchange Co., Inc. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 16.

{¶ 24} The invoices attached to Lakeview's complaint do not meet the criteria for an account. Neither invoice includes a beginning balance, nor do they include "dated items" (other than the notation of a January 31, 2008 payment on invoice A). In short, they provide no way to determine when Van Auken, Lifestyle, or First Choice received the goods and services listed on the invoices or when one of the defendants made the

12.

second payment on invoice A.  Moreover, invoice B (assuming that it is actually an invoice and not a quote for proposed work) names "First Choice Builders" as the party to be billed without including an address or any other identifying information.  The evidence shows that Van Auken does not have any ownership interest in First Choice and, even if he did, Lakeview did not provide any evidence that it could disregard the corporate form to hold Van Auken personally liable for the charges listed in invoice B.

{¶ 25} Because neither invoice meets the requirements for an account, Lakeview is not entitled to collect from Van Auken the balance due on the invoices.  Accordingly, we reverse the trial court's decision as to counts one and two and order the trial court on remand to grant Van Auken's motion for summary judgment on these counts.

### 3.  Count Three of Lakeview's Complaint

{¶ 26} Finally, in the third count of its complaint, Lakeview alleges that Van Auken was unjustly enriched in the amount of $18,378.14 by retaining goods and services Lakeview provided without paying for them.  Unjust enrichment is based on a theory of quasi-contract or implied contract.  A person is unjustly enriched when he has and retains some benefit that belongs to another. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 20.  To recover, the plaintiff must show a benefit conferred by it on the defendant, the defendant's knowledge of the benefit, and that it would be unjust for the defendant to retain the benefit without payment. *Cuspide Properties, Ltd. v. Earl Mechanical Servs., Inc.*, 2015-Ohio-5019, 53 N.E.3d 818, ¶ 60, citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).

13.

An express contract precludes any claim for unjust enrichment regarding the same subject matter. *Kott v. Gleneagles Professional Builders & Remodelers, Inc.*, 197 Ohio App.3d 699, 2012-Ohio-287, 968 N.E.2d 593, ¶ 14 (6th Dist.); *Rite Aid of Ohio, Inc. v. Monroe/Laskey Ltd. Partnership, LLC*, 6th Dist. Lucas No. L-09-1179, 2010-Ohio-691, ¶ 17.

{¶ 27} Although the trial court's judgment entry did not specifically address Lakeview's unjust enrichment claim, the court impliedly denied it by finding that Van Auken was liable on the express contract created by the promissory note. As discussed above, there are genuine issues of material fact regarding the parties' intent to hold Van Auken personally liable on the promissory note. If the decision on the promissory note is different on remand, the allegation of unjust enrichment could again be applicable. We therefore reverse the trial court's grant of summary judgment on count three of Lakeview's complaint.

## B. Second Assignment of Error

{¶ 28} Based on our disposition of Van Auken's first assignment of error, we find that his second assignment of error is moot and is not well-taken.

## V. Conclusion

{¶ 29} Based on the foregoing, we find that the trial court improperly granted Lakeview's motion for summary judgment and denied Van Auken's motion for summary judgment. The September 30, 2015 judgment of the Ottawa County Court of Common

Pleas is reversed, and the case is remanded for further proceedings consistent with this decision.[2]  Lakeview is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                                JUDGE

Thomas J. Osowik, J.          
CONCUR.                                         _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

[2] Prior to his retirement and subsequent death, Judge James D. Jensen participated in the decision making process of this case.